Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | HARRY D. LEINENWEBER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5390 | **DATE** | 8/19/2011 |
| **CASE TITLE** | Reginald Ratcliff (#2011-0318114) vs. Cook County Cermak Hospital | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders Cook County Jail officials to begin making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, summonses shall not issue at this time. The complaint on file is dismissed without prejudice. The plaintiff is granted thirty days to submit an amended complaint (plus a judge's copy and service copies). The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions. Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case in its entirety.

■ [**For further details see text below.**]   **Docketing to mail notices.**

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that health care providers at the jail have violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, the plaintiff alleges that he has been denied care and treatment for traumatic head injuries sustained from an attack by a fellow detainee.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Because the plaintiff reports a zero balance in his inmate trust account and no income in the six months preceding the initiation of this lawsuit, the initial partial filing fee is waived pursuant to 28 U.S.C. § 1915(b)(4). However, the supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to begin collecting monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. *See* 28 U.S.C. § 1915(b)(2). Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. *Id.* All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

The plaintiff must submit an amended complaint, as the pleading on file does not name a proper defendant. Cermak Hospital is not, itself, a suable entity. *See, e.g., Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993). The plaintiff must name those individuals personally and directly responsible for the alleged denial of medical attention (that is, any correctional officers who denied him access to the health care unit, or any health care employees who refused either to see him or to provide treatment).

If the plaintiff is unable at this time to identify those to blame for the denial of medical care, this circuit permits *pro se* litigants an opportunity to discover the identities of those who were personally involved in the alleged actions underlying their complaint. When a plaintiff does not know the names of the persons who actually injured him, the law permits the court, at the pleading stage, to make an inference of responsibility on the part of the defendants' immediate supervisor. *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *see also Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County Sheriff's Dep*t., 95 F.3d 548, 556 (7th Cir. 1996). Consequently, if the plaintiff wants to pursue his claim but cannot name any individuals, he should amend the complaint to add as defendant a supervisory official who is in a position to identify the John Doe defendants (such as the Sheriff of Cook County or the jail's health care unit administrator).

Once the plaintiff has obtained service on the supervisor, and an attorney has entered an appearance on the supervisor's behalf, the plaintiff may send defense counsel interrogatories (that is, a list of questions) eliciting information regarding the identity of the defendants who allegedly violated the plaintiff's constitutional rights. *See* Fed. R. Civ. P. 33. After the plaintiff learns the defendants' identities, he may again ask leave to amend the complaint to name them as defendants. Summonses will then issue for service on the defendants in interest and the supervisory defendant will be dismissed. The plaintiff is advised that there is a two-year statute of limitations for civil rights actions; he should therefore attempt to identify the John Does as soon as possible. *See Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cr. 1980).

As an additional concern, the plaintiff is advised that the Prison Litigation Reform Act of 1996 ("PLRA") contains a comprehensive administrative exhaustion requirement. Under the PLRA, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a). As the plaintiff was injured on July 10, 2011, only a month ago, it would seem unlikely that he has already finalized the grievance process. Accordingly, the plaintiff may choose to file a motion for voluntary dismissal at this time so that he can re-file suit after exhausting administrative remedies.

For the foregoing reasons, the court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint. The amended complaint should name as defendants **(CONTINUED)**

| STATEMENT |
|---|

those persons who acted with deliberate indifference to his medical needs (or, if he cannot identify them at this time, their supervisor). The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. **As with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a sufficient number of copies for service on each defendant named in the amended complaint.**

The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

The clerk will provide the plaintiff with an amended complaint form and instructions. If the plaintiff fails to comply within thirty days, the case will be summarily dismissed, on the understanding that the plaintiff does not wish to pursue his claims in federal court at this time.